UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WOODY VOINCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-1824 (RCL) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion [23] for summary judgment and the plaintiff's cross-motion [26] for summary judgment. Also before the Court are the defendant's motions [13, 15, 16, 18, 28] to amend the briefing schedule, the plaintiff's motion [19] for leave to seek discovery, and the plaintiff's motions [14, 22, 24, 25, 30] to compel non-parties to respond to interrogatories. Relying on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. (2000), and the Privacy Act, 5 U.S.C. § 552a (2000), the plaintiff originally requested that the Federal Bureau of Investigation ("FBI") release certain documents containing information about him. Not having received any documents, the plaintiff filed this action claiming that he had exhausted his administrative remedies and that the FBI improperly withheld certain records in violation of FOIA, the Privacy Act, the Omnibus Crime Control and Safe Streets Act, and the United States Constitution. In response, the FBI released several pages of documents and maintains that all information it redacted or withheld was protected under various FOIA exemptions and its burden under FOIA was fully satisfied,

warranting summary judgment in its favor. The plaintiff filed a cross-motion for summary judgment restating his earlier claims.

Upon consideration of the parties' filings, the applicable law and the entire record herein, the Court concludes that the FBI has provided sufficient information for this Court to review some, but not all, of its claimed FOIA exemptions. In accordance with this Memorandum Opinion, this Court shall grant in part and deny in part the FBI's motion [23] for summary judgment without prejudice to its renewal, ordering the FBI to provide additional information to support its assertion of FOIA Exemption 7(E). Further, this Court shall deny Voinche's cross-motion [26] for summary judgment without prejudice to its renewal as to the FBI's claim of Exemption 7(E) and with prejudice in all other respects. In addition, this Court shall grant the FBI's motions [13, 15, 16, 18, 28] to amend the briefing schedule *nunc pro tunc*; shall deny Voinche's motion [19] for leave to seek discovery; and shall consequently deny as moot Voinche's motions [14, 22, 24, 25, 30] to compel.

## I. BACKGROUND

On July 28, 2004, the *pro se* plaintiff, Woody Voinche, filed a FOIA/Privacy Act request with the FBI for all documents in the FBI's files pertaining to him. In his request, Voinche specifically mentioned several documents: (1) a two-page document concerning Voinche that was addressed by this Court in *Voinche v. FBI* (*Voinche I*), 46 F. Supp. 2d 26 (D.D.C. 1999) (Friedman, J.), and was found to be properly withheld pursuant to FOIA Exemption 1, *id.* at 29; (2) any documents mentioning Voinche's name in FBI file number 194A-NO-58138,[1] which related to the FBI's investigation of state and local officials in Louisiana; and (3) all documents

---

[1] This Court previously ruled in *Voinche v. FBI*, Civ. A. No. 97-2788 (PLF) (D.D.C. Oct. 11, 2001) (Friedman, J.) that the FBI was entitled under FOIA Exemption 7(C) to withhold parts of this file from disclosure to Voinche.

the FBI may have relating to an investigation of Voinche in Alexandria, Louisiana[2] on a state bank fraud charge. (Def.'s Mot. Summ. J. Ex. A.) The FBI responded that file 194A-NO-58138 was exempt pursuant to FOIA exemptions 7(A) and 7(C); the other file it discovered pertaining to Voinche consisted of copies of correspondence Voinche already possessed and the FBI requested that Voinche contact the FBI within sixty days if he still wanted the second file to be processed. (Def.'s Mot. Summ. J. Ex. C.) On August 30, 2004, Voinche appealed the FBI's decision by basically restating his original FOIA request; before the FBI was able to process the appeal, Voinche filed the present action with this Court.

Subsequent to the filing of this action, the FBI released several redacted pages of documents concerning Voinche. The FBI then filed a motion for summary judgment, which included a declaration by Nancy L. Steward, the Acting Assistant Section Chief in the Records/Information Dissemination Section, Records Management Division of the FBI, explaining how each FOIA and Privacy Act exemption upon which the FBI relied in redacting the produced documents applied to the redacted or withheld portions. *See* Def.'s Mot. Summ. J., Declaration of Nancy L. Steward (hereinafter "Steward Decl."). Voinche filed a cross-motion for summary judgment making various allegations of FBI conspiracies against him over the course of the previous 25 years and restating his earlier request for the production of the abovementioned documents, or alternately a *Vaughn* index for these documents or their release for an *in camera* review.

---

[2] Voinche was arrested on a state bank fraud charge after depositing a counterfeit check for $187,650, which he received after responding to an e-mail offering him a significant loan. *See* Mot. Disc. Ex. MSL-3 at 4-5 (describing how Voinche got involved in an apparent internet-based scam by wiring $6625 to an individual in Canada he had only met on the internet, leading to his receipt of a counterfeit check and his subsequent arrest).

## II. DISCUSSION

*A. FBI's Motion for Summary Judgment*

   *1. Legal Standard*

Under Federal Rule of Civil Procedure 56(c), a court must grant summary judgment when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence, when viewed in light most favorable to the non-moving party,"is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. *Id.* at 252. The burden is on the movant to make the initial showing of the absence of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is then entitled to a judgment as a matter of law if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Additionally, when both parties move for summary judgment, a court must consider each motion separately, independent of the other party's motion. *See Nuzzo v. FBI*, 1996 WL 741587, *1 (D.D.C. 1996) ("When both parties in a cause of action move for summary judgment, each party must carry its own burden.").

In a FOIA case, an agency is entitled to summary judgment if it demonstrates that each of the withheld or redacted documents falls under one of the FOIA exemptions and is thus not subject to FOIA's disclosure requirements. *See Military Audit Project v. Casey*, 656 F.2d 724,

738 (D.C. Cir. 1981).  A court must conduct a de novo review of the agency's decision to determine whether summary judgment is appropriate.  5 U.S.C. § 552(a)(4)(B).  The burden is on the agency to produce affidavits or declarations that describe the documents involved and justify the non-disclosure in a clear, specific and reasonably detailed manner, and that "are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith."  *See id.*, *quoted in Voinche I*, 46 F. Supp. 2d at 28; *see also* 5 U.S.C. § 552(a)(4)(B).  These affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

While the fundamental principle of FOIA is to "ensure an informed citizenry" by securing the public's right to access government documents, Congress and the courts have recognized that certain information may legitimately be kept in confidence without jeopardizing FOIA's goals.  *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (discussing the legislative history and policy objectives of FOIA).  To this end, FOIA contains nine exemptions, 5 U.S.C. § 552(b)(1)-(9), which allow agencies to withhold certain types of information in response to FOIA requests.  In *Vaughn v. Rosen*, the Court of Appeals for the District of Columbia Circuit held that an agency must provide a "relatively detailed analysis" to support its claimed FOIA exemptions.  484 F.2d 820, 826 (D.C. Cir. 1973).  A key objective of this analysis, commonly known as a *Vaughn* index, is to provide a reviewing court with sufficient information to determine, without the disclosure of actual documents, whether information withheld by an agency falls within the claimed FOIA exemption.  *Cf. Founding Church of Scientology v. Bell*, 603 F. 2d 945, 947 (D.C. Cir. 1979) ("Without such an index

neither reviewing courts nor individuals seeking agency records can evaluate an agency's response to a request for government records.").

Ideally, a *Vaughn* index should satisfy the following requirements:

    (1) The index should be contained in one document, complete in itself.
    (2) The index must adequately describe each withheld document or deletion from a released document.
    (3) The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant.

*Id.* at 949.  Notwithstanding these guidelines, courts have repeatedly held that it is the function of a *Vaughn* index rather than its form that is important, and a *Vaughn* index is satisfactory as long as it allows a court to conduct a meaningful de novo review of the agency's claim of an exemption.  *See*, *e.g.*, *Gallant v. NLRB*, 26 F.3d 168, 172-73 (D.C. Cir. 1994) (observing that "materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege" (quoting *Delaney, Migdall & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C. Cir. 1987))).  Thus, an agency does not have to provide an index per se, but can satisfy its burden by other means, such as submitting the documents in question for an *in camera* review or by providing a detailed affidavit or declaration.  *Gallant*, 26 F.3d at 172.  However, a court can order an agency to prepare a more detailed *Vaughn* index if the one before it is not detailed enough to determine whether FOIA exemptions were legitimately claimed.  *See Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1064-65 (3d Cir. 1995) (remanding the case to the district court because the FBI's *Vaughn* index was inadequate to support its FOIA exemption claims and requesting that the FBI provide the court with additional facts to support its position); *Coleman v. FBI*, 1991 WL 333709, *1

(D.D.C. 1991) (Lamberth, J.) ("If the index is not sufficiently detailed to permit the Court to conduct a *de novo* review, the Court may then order the submission of a more detailed index.").

*2. Adequacy of FBI's Search for Records*

To meet its summary judgment burden, "the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)) (internal quotation marks omitted). The agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

One of the statutory requirements of a FOIA request is that it must "reasonably describe" the records being sought. 5 U.S.C. § 552(a)(3). In his original FOIA request, Voinche requested three sets of documents, in each of which he was the central figure. (Def.'s Mot. Summ. J. Ex. A.) In his complaint before this Court, Voinche requested all the documents the FBI had relating to him and all the documents the FBI had from its various investigations of Voinche. (Compl. ¶ 17.) Voinche effectively seeks a release of all documents related to the FBI's alleged investigations of him over the previous 25 years.

In response to Voinche's request, and in accordance with its internal procedures, which were developed to suit its filing system, it was perfectly reasonable for the FBI to conduct a search for all documents relating to names used by Voinche and identified in his request, as this search would arguably uncover no less than the full amount of information Voinche was seeking. *See* Mem. P. & A. Supp. Defs.' Mot. Summ. J. 10-12 (describing in significant detail the structure of the FBI's Central Records System and the means by which the FBI performs

searches within this system). Because the FBI "does not index every name in its files [but] only that information considered to be pertinent, relevant, or essential for future retrieval," this Court is satisfied that the FBI's search "for any records pertaining to plaintiff Woody Voinche and/or Woodfin M. Voinche" was adequate and reasonable in response to Voinche's FOIA request. (*Id.* at 12-13.)

It is apparent from the FBI's filings that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). The search the FBI conducted in response to Voiche's request was thus adequate to fulfill its obligations under FOIA. This Court now proceeds to consider each of the FOIA exemptions claimed by the FBI to determine whether the FBI properly redacted or withheld the documents claimed under each exemption.[3]

*3. Exemption 6*

FOIA Exemption 6 allows an agency to withhold information from "personnel and medical files and similar files" where such disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To fall within the scope of Exemption 6, a document must first satisfy the threshold requirement of being a personnel, medical, or a "similar file." *Id.* The Supreme Court has clarified that "information which applies to a

---

[3] This Court notes that Voinche has not filed an opposition to the FBI's motion for summary judgment even though he has had ample time to file his opposition. In his motion for summary judgment, received by this Court on May 20, 2005, Voinche claims to not have received the FBI's motion. (Pl.'s Mot. Summ. J. 1.) In its opposition to Voinche's motion for summary judgment, the FBI noted Voinche's failure to oppose the FBI's motion and additionally asserted that it had served a copy of its motion upon him and would do so again. (Opp'n Pl's Mot. Summ. J. 2 & n.1.) Voinche has filed other motions in this action after the FBI's motion was filed. In these circumstances, and because Voinche is a *pro se* plaintiff, this Court will not summarily grant summary judgment to the FBI, but will, to the greatest extent possible, treat the claims in Voinche's original complaint and his summary judgment motion as his opposition to the FBI's motion for summary judgment.

particular individual" falls under the protection of Exemption 6, with the key concern being "whether release of the information would constitute a clearly unwanted invasion of that person's privacy," rather than the nature of the files. *United States Dep't of State v. Washington Post Co.*, 156 U.S. 595, 599, 602 (1982). This Court finds that the threshold requirement has been met and a balancing of personal privacy interests against the public's right to disclosure favors the FBI's claim of Exemption 6.

The FBI has invoked Exemption 6 to withhold several types of information: (1) the names and contact information of "FBI Special Agents (SAs) who were responsible for conducting, supervising, and/or maintaining the investigative activities reported in this investigation"; (2) the names of FBI support personnel; (3) "the names and identifying information of individuals who are only incidentally mentioned in these records"; and (4) the names and identifying information of local law enforcement officers who worked with the FBI. (Steward Decl. ¶¶ 29-32.) Because each piece of information withheld by the FBI applies to specific individuals, the FBI has met the threshold requirement for Exemption 6 protection. *See Washington Post* Co., 156 U.S. at 602 (holding that if the information sought applies to a particular individual, the threshold requirement is met and a court must next determine the extent of the intrusion on that person's privacy).

A balancing of the aforementioned private and public interests leads this Court to conclude that the release of the withheld information would constitute an unwarranted invasion of personal privacy that is not outweighed by any public interest in this information. The Supreme Court has narrowed the scope of the public interest in FOIA cases to information which "sheds light on an agency's performance of its statutory duties." *See United States Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (noting further that the

public interest in disclosure "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct"). Voinche has not suggested that personal information withheld by the FBI pursuant to Exemption 6 would shed any light on the FBI's performance of its statutory duties; even if he had, this Court would be skeptical. On the other hand, the individuals to whom this information pertains clearly have a right to keep it private for the sake of their safety and privacy. *See* Steward Decl. ¶¶ 29-32 (explaining that personal information about law enforcement personnel and other individuals involved in FBI investigations can be used to harass or harm them by the targets of these investigations or by others with ulterior motives).

This Circuit has held that "even a modest privacy interest outweighs nothing every time." *Nat'l Assoc. of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). The court in *Horner* further stated that if, in light of the information withheld, "the balance characteristically tips in one direction," a court "need not inquire into the extent to which each individual whose name would be disclosed would suffer invasions of his or her privacy." *Id.* (citation omitted). This Court finds that in the present situation the privacy interests of the individuals whose information was withheld by the FBI clearly outweigh the narrowly construed public interest in disclosure. Consequently, this Court shall grant summary judgment to the FBI with regard to its assertion of Exemption 6 throughout the released documents.

*4. Exemption 7(C)*

FOIA Exemption 7(C) overlaps with Exemption 6 in that it also protects against unwarranted intrusions of personal privacy, but Exemption 7(C) is limited to information compiled for law enforcement purposes. 5 U.S.C. § 552(b)(7)(C). An evaluation of an agency's claim of Exemption 7(C) also requires a court to balance the implicated privacy interests against

the public interest in disclosure. *Reporters Comm.*, 489 U.S. at 776; *SafeCard Servs.*, 926 F.2d at 1205. However, due to the sensitive nature of law enforcement records and the greater privacy interest in such records, the burden on an agency seeking protection of Exemption 7(C) is less than it is for Exemption 6 protection, as the agency need only show a reasonable likelihood of unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

Similar to its invocations of Exemption 6, the FBI has invoked Exemption 7(C) to withhold: (1) the names and contact information of FBI SAs involved in the investigation; (2) the names of FBI support personnel; and (3) "the names and identifying information of individuals who are only incidentally mentioned in these records." (Steward Decl. ¶¶ 35-38.) A review of the redactions shows that the information withheld pursuant to Exemption 7(C) is mostly the same information that the FBI withheld pursuant to Exemption 6. This Court has already held *supra* Section A(3) that the individuals to whom Exemption 6 applies have a significant interest in keeping their names and contact information private. Reevaluating their privacy interest through the lens of Exemption 7(C) suggests that because this information appears in the context of law enforcement records, the privacy interest at stake is substantial. The broad privacy interest of individuals mentioned in law enforcement records has been widely recognized for the purposes of Exemption 7(C). *See*, *e.g.*, *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885 (D.C. Cir. 1995) (recognizing that witnesses, informants and "third parties who may be mentioned in investigatory files" have an "obvious privacy interest cognizable under Exemption 7(C)"); *SafeCard Servs.,* 926 F.2d at 1205 (holding that targets, suspects, witnesses, and investigators in law enforcement investigations have a broad privacy interest). These principles carry over into the present case and this Court finds that the

individuals whose information was withheld pursuant to Exemption 7(C) have a significant privacy interest in the non-disclosure of this information.

Conversely, the public interest in the disclosure of this information is minimal.  As in its analysis of Exemption 6, this Court finds that the disclosure of information which was withheld by the FBI pursuant to Exemption 7(C) would not shed any light on the FBI's performance of its statutory duties.  Although Voinche goes to great lengths to try and show a number of conspiracies by the FBI and local law enforcement against him,[4] this Court finds that these allegations do not serve as "compelling evidence" that the FBI is or has engaged in illegal activities toward him.  *See SafeCard Servs.,* 926 F.2d at 1205-06 (suggesting that "unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," a public interest in disclosure would only exist if "access to the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence").  Accordingly, this Court holds that the FBI properly applied Exemption 7(C) to withhold information from the documents provided to the plaintiff and this Court shall grant summary judgment to the FBI with regard to its assertion of Exemption 7(C).

*5. Exemption 7(E)*

Exemption 7(E) allows an agency to withhold information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Of the eight

---

[4] In his motion for summary judgment, Voinche alleges that certain political figures in Louisiana had engaged in illegal surveillance of him "with the knowledge and cooperation of the FBI," (Pl.'s Mot. Summ. J. 1), and that "the FBI *or some other entity* in a bizarre form of negative re-enforcement has released a toxic substance in his home and . . . vehicles" causing medical problems (Pl.'s Mot. Summ. J. 4 (emphasis added)).  Voinche further alleges that the FBI orchestrated an "entrapment scheme" against him by inducing him to deposit a counterfeit check, leading to a state bank fraud charge in Louisiana.  (Pl.'s Mot. Summ. J. 5-6.)

pages provided to Voinche, the FBI withheld three pages in their entirety pursuant to this exemption.

This Court shall not discuss in detail the applicability of Exemption 7(E) because the FBI failed to adequately explain the appropriateness of claiming this exemption. In its motion for summary judgment, the FBI stated some general principles related to Exemption 7(E) and noted that three complete pages were withheld from Voinche on the basis of this exemption. (Def.'s Mot. Summ. J. 21-22.) The Steward Declaration fails to shed more light on the FBI's claim. It merely quotes the statutory language of Exemption 7(E), and states: "[t]his existence of this procedure is not generally known to the public and the release of such may risk circumvention of the law. Exemption (b)(7)(E) is cited on the following pages of Exhibit G: Voinche 3, 4, 5." (Steward Decl. ¶ 15.) The FBI has not offered any proof supporting these assertions. In the "segregability" section of its summary judgment motion, the FBI also provided nothing but conclusory statements as to the impossibility of segregating any portions of the released material without even citing specifically which withheld documents it was referring to. (Def.'s Mot. Summ. J. 23-24.) Such conclusory statements by agencies are precisely what a proper *Vaughn* index was meant to eliminate. Without additional information as to why the FBI considered Exemption 7(E) appropriate in this instance, this Court is unable to sanction the FBI's reliance on it to withhold portions of documents from Voinche. The FBI must either release the information withheld pursuant to this exemption, or provide a satisfactory *Vaughn* index, including a proper segregability analysis, in order for this Court to reasonably evaluate the FBI's claim. Accordingly, this Court shall deny summary judgment to the FBI with regard to its assertion of Exemption 7(E), without prejudice to its renewal.

*6. Privacy Act Exemption j(2)*

Although the FBI claimed the protection of Privacy Act Exemption (j)(2) in the documents released to Voinche, this exemption was not, in fact, used to withhold any information.  A review of the documents shows that no information was withheld pursuant to this exemption, and the FBI has acknowledged that although some of the documents came within the scope of (j)(2), it still processed them under FOIA "to achieve maximum disclosure." (Steward Decl. ¶ 26.)  Therefore, this Court does not reach the issue of the propriety of the FBI's claim of Privacy Act Exemption (j)(2).

*7. Segregability*

FOIA expressly provides that even if an agency properly withholds some information pursuant to an exemption, "[a]ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions" which are withheld.  5 U.S.C. § 552(b).  The question of segregability is subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable.  *Mead Data Central, Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1997).  However, the justification need not be so detailed so as to compromise the nature of the withheld information.  *Id.*  In this case, the segregability analysis only applies to the pages withheld in their entirety pursuant to Exemption 7(E).  The FBI has asserted, and a review of the documents shows, that all other redactions consist of individuals' names or other particular identifying characteristics (e.g., phone or fax numbers, social security numbers) and cannot be further segregated.  (Mem. P. & A. Supp. Def.'s Mot. Summ. J. 23-24 (citing Steward Decl. ¶ 41).)  With regard to exemptions claimed by the FBI other than Exemption 7(E), the FBI has satisfied its

responsibility under the segregability provision of 5 U.S.C. § 552(b).  This Court has held *supra* Section A(5) that the FBI did not satisfy its burden in asserting Exemption 7(E).  Because the FBI withheld three entire pages pursuant to Exemption 7(E), this Court is unable to determine at this time whether the exempt and non-exempt information on those pages is so inextricably intertwined that the segregation of non-exempt information would be unreasonable or impractical.

*B. Voinche's Motion for Summary Judgment*

The legal standard for summary judgment laid out *supra* Section A(1) also applies to Voinche's motion.  Voinche has the burden of showing the absence of a genuine issue of material fact, i.e., showing that a reasonable jury could not find for the FBI if the evidence were viewed in a light most favorable to it.  *See* FED. R. CIV. P. 56(c); *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 323.  Voinche fails to carry this burden.

This Court gives *pro se* parties the benefit of the doubt and may ignore some technical shortcomings of their filings.  *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."); *cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers").  As a result, this Court will excuse Voinche's omission of a statement of material facts in his summary judgment motion, which was noted by the FBI in its opposition to the motion.  (Opp'n Pl.'s Mot. Summ. J. 2.)  However, even when read in a light most favorable to him, Voinche's motion for summary judgment does not meet the requirements of Rule 56(c) as it fails to demonstrate an absence of a genuine issue as to any material fact or show that Voinche is entitled to a judgment as a matter of law.  Rather, Voinche's motion is for the most part a regurgitation of his allegations from other filings in this case.  Faced with such a motion,

this Court cannot fathom what the allegations would be that would state a claim upon which relief could be granted.

This Court addressed the FBI's response to Voinche's FOIA request *supra* Section A. That discussion fittingly addresses the specific relief sought by Voinche and the claims made in his summary judgment motion. In light of this Court's discussion of the FBI's summary judgment motion, it is clear that a reasonable jury would decide in FBI's favor as to all but its defective assertion of Exemption 7(E). Having granted summary judgment to the FBI as to all but one of the FOIA exemptions it claimed, this Court has effectively held that save for its assertion of Exemption 7(E), the FBI's response to Voinche's FOIA request was adequate and appropriate under 5 U.S.C. § 552. As for Exemption 7(E), Voinche has failed to show an absence of genuine issue of material fact warranting summary judgment in his favor. However, having ordered the FBI to provide additional information to support its Exemption 7(E) claim, this Court shall deny Voinche's summary judgment motion as it applies to the FBI's assertion of FOIA Exemption 7(E) without prejudice to its renewal. Addressing the FBI's claim of Exemption 7(E), this Court has stated *supra* Section A(5) that "[t]he FBI must either release the information withheld pursuant to this exemption, or provide a satisfactory *Vaughn* index, including a proper segregability analysis, in order for this Court to reasonably evaluate the FBI's claim." At that time, and in accordance with the terms of the attached Order, the FBI will be able to renew its motion for summary judgment, subsequent to which, Voinche will have the opportunity to renew his cross-motion for summary judgment as to the FBI's assertion of Exemption 7(E). This Court shall deny Voinche's motion for summary judgment in all other respects.

*C. Defendant's Motions to Amend the Briefing Schedule*

In the course of this litigation, the FBI has filed several motions to extend the briefing schedule to allow it more time to file a dispositive motion or to respond to Voinche's motions. The resulting delays do not appear to have prejudiced Voinche nor, more importantly, does he claim that they did. Prior to filing each of these motions, the FBI has received Voinche's consent or has attempted to do so, in accordance with LCvR 7(m). The FBI's justifications for requesting the extensions of time are well within reason and this Court is satisfied that the FBI did not act in bad faith. In the absence of any opposition by Voinche and in light of the abovementioned factors, this Court shall grant the FBI's motions to amend the briefing schedule *nunc pro tunc*. Consequently, all documents filed by each party are considered timely filed.

*D. Plaintiff's Motion for Leave to Seek Discovery*

FOIA actions are typically resolved without discovery. *See Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Pub. Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions."), *aff'd in part, rev'd in part*, 185 F.3d 898 (D.C. Cir. 1999). When allowed, the scope of discovery is usually limited to the adequacy of the agency's search and similar matters. *See Schrecker v. United States Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."); *Pub. Citizen Health Research Group*, 997 F. Supp. at 72-73 ("If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and that plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate."). An exception to limiting the scope of

discovery is made if the plaintiff has made a sufficient showing that the agency acted in bad faith. *See Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.") (citing *Goland v. CIA*, 607 F.2d 339, 355 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980)).

This Court is satisfied that the FBI's has acted in good faith toward the plaintiff and this Court. Voinche has presented no actual evidence refuting any statements made by the FBI, but rather mere assertions suggesting that the FBI may possess additional information in addition to that already disclosed. The FBI, on the other hand, has provided Voinche and this Court with detailed information regarding its general search methodology and the search for records conducted in this case. Voinche has made no claims that the discovery he seeks is related to the FBI's only failing, involving Exemption 7(E), and this Court has no reason to assume that it does. Voinche concedes that the scope and availability of discovery are limited in a FOIA case, but tries to overcome this by reminding this Court that he originally invoked the Omnibus Crime Control and Safe Streets Act and the United States Constitution as additional bases of his action. (Reply Opp'n Mot. Disc. 1). This Court takes issue with Voinche's incorporation of federal statutes in his complaint that are not supported elsewhere in the complaint or in his subsequent submissions to this Court. Voinche has provided no evidence suggesting that the FBI's declarations have been made in bad faith, or showing the relationship between the testimony he seeks and the present FOIA action. This Court is satisfied that the FBI has acted in good faith and shall deny Voinche's motion for leave to seek discovery. Because this Court denies

Voinche's motion for leave to seek discovery, his motions to compel non-parties to respond to interrogatories are denied as moot.

### III. CONCLUSION

For the foregoing reasons, this Court concludes that the FBI has met its summary judgment burden as to all but one of the FOIA exemptions asserted. Accordingly, and for the reasons stated herein, the FBI's motion [23] for summary judgment is hereby granted in part and denied in part without prejudice as to its renewal. This Court shall afford the FBI the opportunity to correct its assertion of Exemption 7(E) and shall allow it to refile a summary judgment motion in accordance with the terms of the attached Order. Voinche's cross-motion [26] for summary judgment is denied without prejudice to its renewal as to the FBI's claim of Exemption 7(E) and with prejudice in all other respects. Further, the FBI's motions [13, 15, 16, 18, 28] to amend the briefing schedule are hereby granted *nunc pro tunc*; Voinche's motion [19] for leave to seek discovery is hereby denied; and Voinche's motions [14, 22, 24, 25, 30] to compel are hereby denied as moot.

A separate Order accompanies this Memorandum Opinion.


Signed by Royce C. Lamberth, United States District Judge, January 24, 2006.