UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODY VOINCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 04-1824 (RCL) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's renewed motion [36] for summary judgment, the plaintiff's opposition [37] thereto, and the defendants' reply [38]. The defendant, the Federal Bureau of Investigation ("FBI"), asserts that it has complied with this Court's January 24, 2006 Order [32] and has met its burden under the standard for summary judgment. Upon consideration of the parties' filings, the applicable law and the entire record herein, this Court shall grant the FBI's renewed motion for summary judgment.

**I. BACKGROUND**

The plaintiff, Woody Voinche, originally requested that the FBI release certain documents containing information about him pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. (2000), and the Privacy Act, 5 U.S.C. § 552a (2000). After Voinche filed the present action, claiming that the FBI had improperly withheld information from him, the FBI released several redacted pages of documents to him. Pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (b)(7)(C), the FBI withheld personal information about FBI employees, other law enforcement personnel, and third parties from the released

documents. The FBI also withheld three pages in their entirety on the basis of FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E). The parties then filed cross-motions for summary judgment.

On January 24, 2006, this Court issued a Memorandum Opinion [31] (hereinafter "January Opinion") and Order [32] denying summary judgment to the FBI as to its assertion of FOIA Exemption 7(E) and granting it in all other respects.[1] *Voinche v. FBI*, 412 F. Supp. 2d 60, 72-73 (D.D.C. 2006). This Court stated that "the FBI failed to adequately explain the appropriateness of claiming" Exemption 7(E) and "[w]ithout additional information as to why the FBI considered Exemption 7(E) appropriate in this instance, this Court is unable to sanction the FBI's reliance on it to withhold portions of documents from Voinche." *Id.* at 69. The Order directed the FBI to either provide a *Vaughn* index and a segregability analysis to support its assertion of Exemption 7(E) or release the pages in question to the plaintiff. *Id.* at 73. On March 7, 2006, the FBI filed a renewed motion for summary judgment, averring that it had released the previously withheld three pages of documents to Voinche, thus satisfying the terms of this Court's Order. A copy of the three pages, with minor redactions pursuant to FOIA Exemptions 6 and 7(C), was attached to the motion as Exhibit A.

## II. DISCUSSION

The January Opinion laid out the relevant legal standard for a summary judgment motion in a FOIA case. *Id.* at 64-65. Essentially, the agency responding to a FOIA request has the burden of demonstrating that it "conducted a search reasonably calculated to uncover all relevant documents," *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (internal quotation marks and citation omitted), and that any withheld information properly falls

---

[1] This Court also denied Voinche's motion for summary judgment, finding that he had failed to meet his burden under Federal Rule of Civil Procedure 56(c). *Voinche v. FBI*, 412 F. Supp. 2d 60, 70-71 (D.D.C. 2006).

within the claimed FOIA exemption, *see Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  This Court's January Opinion explained the Court's findings as to why the FBI's search was adequate.  *Voinche*, 412 F. Supp. 2d at 66.  The appropriateness of the FBI's claim of Exemption 7(E) is now moot because the FBI has now released the pages previously withheld under this exemption.  Thus, the only issue presently before this Court is whether the redactions within the newly released pages fall within the scope of the FOIA exemptions invoked by the FBI.[2]

Because this Court is satisfied that the FBI properly applied Exemption 7(C) to justify its redactions in the newly released pages, it does not reach the question of whether the FBI's claim of Exemption 6 to justify the same redactions was appropriate.  Exemption 7(C) protects against "unwarranted invasion of personal privacy" and is limited to "records or information compiled for law enforcement purposes."  5 U.S.C § 552(b)(7)(C).  This Court explained the applicability of FOIA Exemption 7(C) in its January Opinion, *Voinche*, 412 F. Supp. 2d at 68, and the type of information withheld by the FBI from these three pages is virtually identical to that withheld under the same exemption from the documents originally released to Voinche.  To determine whether a release of this information would constitute an unwarranted invasion of personal privacy, this Court must balance the implicated personal privacy interest against the public

---

[2] The FBI originally withheld the three pages on the grounds that they contained information about a law enforcement procedure "not generally known to the public and the release of [which] may risk circumvention of the law."  (Def.'s Mot. Summ. J., Decl. of Nancy L. Steward ¶¶ 39-40; Mem. P. & A. Supp. Def.'s Mot. Summ. J. 21-22.)  This Court rejected the FBI's claim of Exemption 7(E) because the FBI neither identified the context of the information in the unreleased pages nor demonstrated why the sensitive information could not be properly segregated from other information, which could then be released.  *Voinche*, 412 F. Supp. 2d at 69.  Having reviewed the information in these three pages, this Court concludes that the FBI had no valid grounds to withhold them under Exemption 7(E).  While Exemption 7(E) deals with "techniques and procedures for law enforcement investigations or prosecutions, or . . . guidelines for law enforcement investigations or prosecutions," the disclosure of which "could reasonably be expected to risk circumvention of the law," 5 U.S.C. § 552(b)(7)(E), these three pages simply document the efforts of bank employees faced with a possible check fraud.  The FBI's eventual release of these three pages in their entirety, with only minor redactions, supports the view that there would have been no risk in releasing this information with the other released documents.

interest in disclosure.  *See United States Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 776 (explaining the "unwarranted invasion of personal privacy" standard of Exemption 7(C)).

The three newly released pages comprise a Revised Suspicious Activity Report ("Report") of a check fraud by Voinche at a bank in Ville Platte, Louisiana.  (Renewed Mot. Summ. J., Ex. A at 3.)  The information withheld from this Report includes the names and contact information of local law enforcement personnel involved in the investigation, the name of a bank employee, and the name and fax number of the FBI employee(s) who handled the report.  In the context of this Report, the information withheld was "compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7)(C), and thus Exemption 7(C) applies.  *See Stern v. FBI*, 737 F.2d 84, 88-89 (D.C. Cir. 1984) (noting that the threshold question of Exemption 7(C) is met where the records in question are compiled in the course of an "investigation of non-agency personnel and of activities external to the agency's own operations").

Just as in its January Opinion, this Court finds that the privacy information of the individuals whose information was withheld by the FBI outweighs the public interest in the disclosure of this information.  The individuals whose information was withheld clearly have an interest in keeping this information private, especially as the privacy interest of individuals mentioned in law enforcement records is traditionally accorded greater weight than in other contexts.  *See, e.g., Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) ("[P]ersons involved in FBI investigations – even if they are not the subject of the investigation – have a substantial interest in seeing that their participation remains secret." (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir 1990) (internal quotation marks omitted) and citing other cases)).  Conversely, the public interest in the disclosure of this

information is at best minimal, as such disclosure would not "shed[ any] light on [the FBI's] performance of its statutory duties." *See Reporters Comm.*, 489 U.S. at 773 (noting that the public interest in disclosure "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct"). Therefore, this Court finds the FBI's claims of Exemption 7(C) in the newly released pages to be valid. *See Nat'l Assoc. of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[E]ven a modest privacy interest outweighs nothing every time.").

Voinche acknowledges that he received the three newly released pages, but raises several claims in his opposition to the FBI's renewed motion for summary judgment. (Opp'n Renewed Mot. Summ. J. 1.). Voinche implies that because the information in these pages does not relate to certain e-mails he had forwarded to the FBI or to documents from other legal proceedings to which Voinche was a party, the FBI is hiding information from him. (Opp'n Renewed Mot. Summ. J. 1.). In opposing this summary judgment motion, Voinche has the burden of presenting more than "a scintilla of evidence . . . on which the jury could reasonably find for the plaintiff". *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . ."). In all, Voinche has failed to persuade this Court that the allegations in his opposition have any merit and none of these claims go toward satisfying his burden under the summary judgment standard.

## III. CONCLUSION

For the foregoing reasons, this Court concludes that the FBI has satisfied its obligations under FOIA and is entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED that the FBI's renewed motion [36] for summary judgment is GRANTED. Summary judgment is hereby entered for the defendant. This case now stands dismissed with prejudice.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, April 11, 2006.